**SAXTON & STUMP**
By: Mark E. Cedrone, Esq.
Attorney I.D. No. 45549
123 South Broad Street – Suite 2800
Philadelphia, PA 19109
(267) 665-2080
mec@saxtonstump.com

By: Stephen J. Fleury, Jr., Esq.
Attorney I.D. No. 309086
100 Deerfield Lane – Suite 240          *Attorneys for Defendants Luzerne County*
Malvern, PA 19355                        *and the Luzerne County Bureau of Elections*
(484) 328-8553
sjf@saxtonstump.com

By: Salvatore P. Sciacca, Esquire
Attorney I.D. No. 328846
4250 Crums Mill Road – Suite 201
Harrisburg, PA  17112
(717) 941-1211
ssciacca@saxtonstump.com

---

| | |
|---|---|
| James Walsh, : | |
|       Plaintiff. : | |
| : | CIVIL ACTION - LAW |
| v. : | |
| : | No. 4:24-cv-01878 |
| Luzerne County, Luzerne County Board : | |
| of Elections, and Luzerne County Board : | Chief Judge Matthew W. Brann |
| of Elections and Registration, : | |
|       Defendants. : | |

**SUPPLEMENTAL BRIEF IN OPPOSITION OF DEFENDANTS
LUZERNE COUNTY AND THE LUZERNE COUNTY BUREAU OF ELECTIONS
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants, Luzerne County and the Luzerne County Bureau of Elections[1] (the "Bureau") (together, "Responding Defendants"), by and through their counsel, hereby submit this

---

[1] In the case caption, Plaintiff incorrectly identified the Luzerne County Bureau of Elections as the Luzerne County *Board* of Elections. Defendant Luzerne County Board of Elections and Registration is separately represented.

Supplemental Brief in Opposition to Plaintiff's Motion for Special and Preliminary Injunction and respectfully request this Honorable Court deny Plaintiff's requested relief for the reasons set forth below. Additionally, Responding Defendants hereby incorporate their Brief in Opposition of Defendants Luzerne County and the Luzerne County Bureau of Elections to Plaintiff's Motion for Preliminary Injunction as if fully set forth herein.

## I.   INTRODUCTION

The Luzerne County Court of Common Pleas commenced a preliminary injunction hearing on October 30, 2024. At the hearing, Plaintiff's counsel arrived with an assortment of putative witnesses from whom he intended to elicit testimony. Responding Defendants' counsel, also in attendance at the hearing, learned additional and heretofore unknown information regarding Plaintiff and other facts bearing upon this matter. Accordingly, Responding Defendants offer the instant Supplemental Brief in Opposition to Plaintiff's Motion for Preliminary Injunction to apprise the Court of these developments and to offer additional legal argument. In short, Plaintiff's Motion for Preliminary Injunction and Complaint are moot, Plaintiff lacks standing to bring this case, and Plaintiff utterly has failed to establish the appropriateness of a preliminary injunction.

## II.   PROCEDURAL HISTORY

Plaintiff filed his Complaint and Motion for Special and Preliminary Injunction on October 25, 2024. The Luzerne County Court of Common Pleas, by Order dated October 28, 2024, scheduled a hearing on Plaintiff's Motion for October 30, 2024, at 11:00 a.m. Responding Defendants timely filed this Brief in Opposition to Plaintiff's Motion with Exhibits on October 29, 2024. The Luzerne County Court of Common Pleas commenced the preliminary injunction hearing on October 30, 2024, at which hearing Responding Defendants' counsel apprised the Court that Responding Defendants intended to remove the instant matter to federal court.

Contemporaneously, Responding Defendants filed a Notice of Removal in the United States District Court for the Middle District of Pennsylvania and a Notice of Filing of Notice of Removal with the Luzerne County Court of Common Pleas. Accordingly, the preliminary injunction hearing ended without resolution or Order, and this matter now proceeds in the instant Court.

### III.    FACTUAL HISTORY

Responding Defendants learned at the preliminary injunction hearing that Plaintiff intended to offer various witnesses, other than the sole Plaintiff, whose testimony does not reflect reality. Plaintiff's witnesses were expected to testify, in essence, that the witnesses completed and delivered voter applications and/or mail-in ballots which Responding Defendants had not processed in accordance with Pennsylvania law. As made plain in Responding Defendants' Affidavit of Emily Cook, "[a]s of October 25, 2024, all voter registrations filed before the October 21, 2024, deadline have been timely processed, and those registrants added to the voter rolls." Aff. of Emily Cook, at ¶ 8. Moreover, "[a]s of October 27, 2024, [her] office completed processing all requests for mail-in ballots submitted prior to that date, and mail-in ballots for those individuals requesting the same have been placed in the mail[,]" and requests for mail-in ballots "will continue to be timely processed and mail-in ballots placed in the mail for all those individuals who request one prior to the deadline." *Id.*, at ¶ 10-11.

Emily Cook prepared a Supplemental Affidavit in which, in relevant part, Ms. Cook states that Plaintiff James Walsh "is a registered voter in Luzerne County" and that he "handed in his mail-in ballot, which has been accepted and will be processed." Suppl. Aff. of Emily Cook, at ¶¶ 7-8.  *See* Exhibit "A."

### IV.    LEGAL STANDARD

#### A.  Preliminary Injunction Standard

3

Federal Rule of Civil Procedure 65 controls preliminary injunctions. This Court recently observed the "United States Court of Appeals for the Third Circuit has established that preliminary injunctive relief is an 'extraordinary remedy' that 'should be granted only in limited circumstance.'" *Brooks v. State Coll. Area Sch. Dist.*, 643 F. Supp. 3d 499, 504 (M.D. Pa. 2022) (collecting cases); *see also Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) ("A preliminary injunction is "an extraordinary remedy never awarded as of right.") (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)); *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 609 (3d Cir. 2024) (noting the plaintiff "bear[s] the burden of making 'a clear showing'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Indeed, the Third Circuit long has acknowledged that "[i]t has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

This Court recently considered four factors in determining whether a motion for preliminary injunction should be granted and noted that a "preliminary injunction is 'an extraordinary remedy that should be granted only if:"

> (1) the plaintiff is likely to succeed on the merits;
> (2) denial will result in irreparable harm to the plaintiff;
> (3) granting the injunction will not result in irreparable harm to the defendants; and
> (4) granting the injunction is in the public interest.

*Jones v. Bradley*, 2023 WL 2088430, at *4 (M.D. Pa. Feb. 17, 2023) (quoting *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)); *accord Brooks*, 643 F. Supp. 3d at 504 (quoting *Crissman v. Dover Down Ent. Inc.*, 239 F.3d 357, 364 (3d Cir. 2001)).

Critically, as here, "[a] plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co.*, 176 F.3d at 153 (citing *Opticians Ass'n*

4

*of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)). Moreover, the third and fourth factors only are considered if the plaintiff satisfies the first two gateway factors; that is, if the plaintiff "'meets the threshold for the first two most critical factors: [he] must demonstrate that [he] can win on the merits (which requires a showing significantly better than negligible)' and that '[he] is more likely than not to suffer irreparable harm in the absence of preliminary relief.'" *Brooks*, 643 F. Supp. 3d at 504 (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).

### B. Standing and Mootness Standards

As for standing, the Supreme Court makes plain that

> It is by now well settled that "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'— an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*U.S. v. Hays*, 515 U.S. 737, 742-43 (1995) (collecting cases and quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiff bears the burden of establishing each element. *McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 223 (3d Cir. 2012); *see also N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 (3d Cir. 2011) (affirming dismissal for lack of standing because the plaintiffs failed to meet "their burden in pleading facts that establish the requisite injury in fact and therefore failed to demonstrate standing").

Turning to mootness, a "case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Stated

5

differently, a case becomes moot where, as here, "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).  At bottom, a federal court "may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinions advising what the law would be upon a hypothetical set of facts.'" *Id.* (quoting *Blanciak*, 77 F.3d at 698-99).

V. **ARGUMENT**

    A. **Plaintiff Has Failed to Carry His Heavy Burden to Establish That a Preliminary Injunction is Appropriate**

Plaintiff has not—because he cannot—satisfy the requisite four factors for a preliminary injunction to issue; indeed, Plaintiff is incapable of passing even the "most critical" "gateway" factors.  *See Reilly*, 858 F.3d at 173.  As explained below, Plaintiff has failed to establish every one of the four preliminary injunction prerequisites.  Therefore, no preliminary injunction should issue.

        i. **Plaintiff Has Failed to Establish That He is Likely to Prevail on the Merits.**

"The first factor requires the [plaintiff] to 'demonstrate that he can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not).'" *Cramer v. Prince*, 2024 WL 4109335, at *4 (M.D. Pa. Sep. 6, 2024) (quoting *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018)).

As noted in prior briefing, **all** the substantive allegations made in Plaintiff's Complaint and Motion are based on speculation and conjecture.  Moreover, Moving Defendants attach hereto as Exhibit "A" an undeniable Supplemental Affidavit of the Bureau's Director of Elections plainly

6

providing that James Walsh—the sole Plaintiff[2]—has not suffered the injuries he claims exist. In sum, Plaintiff is registered to vote and **already has voted** in Luzerne County. *See* Exhibit "A." Accordingly, Plaintiff lacks standing (Plaintiff has not and will not suffer a concrete injury in fact), the speculative issues he raises are moot and without substance (Plaintiff has not suffered the spurious harm he alleges), and Plaintiff has failed to establish the likelihood that Plaintiff is likely to succeed on the merits.

### ii. Plaintiff Has Failed to Establish That the Denial of His Injunction Will Result in Immediate and Irreparable Harm.

"Injunctive relief will not be granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Miller v. Little*, 2022 WL 2070282, at *1 (M.D. Pa. June 8, 2022) (quoting *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 832 (W.D. Pa. 2006)). "Establishing a *risk* of irreparable harm is not enough." *Id.* (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). Critically, owing to Plaintiff's speculative and moot claims, Plaintiff has failed to "demonstrate the requisite immediacy[,]" much less demonstrate irreparable harm. *Id.* at *2 (collecting cases). The Third Circuit has "also insisted that the risk of irreparable harm must not be speculative." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) (collecting cases).

In short, "the *dramatic and drastic power* of injunctive force may be unleashed only against conditions generating a presently existing actual threat." *Doe #1 v. Del. Valley Sch. Dist.*, 572 F.

---

[2] Plaintiff is not a class representative, nor does he name additional Plaintiffs in this matter, and it is of no moment that Plaintiff presents himself as running for elected office. As such, Plaintiff's allegations must be focused relative to him alone. Furthermore, Plaintiff's attempted resurrection of past instances of purported issues lacks traceability to support his putative future harm. *See Murthy v. Missouri*, 144 S. Ct. 1972, 1992 (U.S. 2024) (finding no standing and noting, for establishing standing, that "the past is relevant only insofar as it predicts the future").

Supp. 3d 38, 81 (M.D. Pa. Nov. 11, 2021) (quoting *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (emphasis original)); *see also AutoBar Sys. of N.J. v. Berg Co., LLC*, 2024 WL 3859807 (3d Cir. Aug. 17, 2024) (remanding and requiring "concrete evidence that, absent a preliminary injunction," immediate and irreparable harm will occur).

As addressed in prior briefing, here, Plaintiff, through his "upon information and belief" averments, has offered **only** speculation and conjecture—which happens demonstrably to be false—concerning Responding Defendants' alleged violation of election laws. Moreover, Plaintiff's specific claims as to himself are moot insofar as he is a registered voter and already has voted in Luzerne County. Accordingly, Plaintiff has failed to establish that the denial of his preliminary injunction will result in immediate and irreparable harm to him.

> iii. **Plaintiff Has Failed to Establish That Granting the Injunction Will Not Result in Irreparable Harm to the Responding Defendants.**

As explained above, Plaintiff has not established that he, or any other Luzerne County voter or prospective voter, faces immediate or irreparable harm.

Here, the granting of a preliminary injunction would result in significant harm to Responding Defendants. If an injunction were to issue, it would validate Plaintiff's false and reckless narrative of election malfeasance by County and Bureau personnel. It is critical that in the upcoming election, the citizens of Luzerne County have the utmost confidence that their elected and appointed officials timely are processing their applications for ballots, and ultimately, their votes. Plaintiff has presented no substantive evidence to demonstrate that Responding Defendants' and their respective staffs are doing anything but. Moreover, Responding Defendants have provided two separate Affidavits not simply rebutting Plaintiff's claims, but revealing the reality that Plaintiff's claimed harms do not exist. Accordingly, Plaintiff has failed to establish that granting the injunction will not result in irreparable harm to the Responding Defendants.

      **iv.**      **Plaintiff has Failed to Establish that Granting the Injunction is in the Public Interest.**

"As a practical matter, if a plaintiff demonstrates both likelihood of success on the merits and irreparably injury, it almost always will be the case that the public interest will favor the plaintiff." *SEC v. Chappell*, 107 F.4th 114, 139 (3d Cir. 2024) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994)).  Here, Plaintiff has demonstrated neither.  Furthermore, offering Plaintiff this Court's imprimatur relative to his spurious and demonstrably false allegations directly would undermine the public interest by sowing confusing, undermining the public's trust in bedrock institutions, and flying high the flag of an oft-repeated and oft-debunked false narrative of serious election issues **which simply do not exist**.  Accordingly, Plaintiff has failed to establish that granting the injunction is in the public interest; rather, granting the injunction is contrary to the public interest.

## VI.    CONCLUSION

    Moving Defendants, Luzerne County and the Luzerne County Bureau of Elections respectfully request that this Honorable Court deny Plaintiff's' Motion for Special and Preliminary Injunction.

                                                Respectfully Submitted,

Date: <u>October 31, 2024</u>                      By: <u>*/s/ Mark E. Cedrone*</u>
                                                    Mark E. Cedrone, Esquire
                                                    Attorney I.D. No. 45549
                                                    mec@saxtonstump.com
                                                    Stephen J. Fleury, Jr., Esquire
                                                     Attorney I.D. No. 309086
                                                    sjf@saxtonstump.com
                                                    Salvatore P. Sciacca, Esquire
                                                    Attorney I.D. No. 328846
                                                    ssciacca@saxtonstump.com

*Attorneys for Defendants Luzerne County and the Luzerne County Bureau of Elections*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Opposition to Defendants Luzerne County and the Luzerne County Bureau of Elections to Plaintiff's Motion for Preliminary Injunction was served this 31st day of October, via email and facsimile upon the following:

Charles Kannebecker, Esq.
Derek Smith, Esq.
KANNEBECKER LAW
104 W High Street
Milford, PA 18337
smith@kannebekerlaw.com;
Facsimile: (570) 296-6471
*Attorneys for Plaintiff James Walsh*

and via email upon the following:

Hon. Joseph M. Cosgrove (retired)
Selingo Guagliardo
345 Market Street
Kingston, PA 8704
JCosgrove@getyourselfagoodlawyer.com

*Attorney for Defendant Luzerne County
Board of Elections and Registration*

                                                 */s/ Mark E. Cedrone*
                                                 MARK E. CEDRONE

## CERTIFICATION OF COMPLIANCE WITH THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania, which require filing confidential information and documents differently than non-confidential information and documents.


Dated: October 31, 2024                         /s/ Mark E. Cedrone
                                                MARK E. CEDRONE