IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WALSH, | : | No. 4:24-CV-01878 |
| Plaintiff, | : | (Chief Judge Brann) |
| v. | : | |
| LUZERNE COUNTY, LUZERNE BUREAU OF ELECTIONS, and LUZERNE COUNTY BOARD OF ELECTIONS AND REGISTRATION, | : | |
| Defendants. | : | |

**DEFENDANT LUZERNE COUNTY BOARD
OF ELECTIONS AND REGISTRATION'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Luzerne County Board of Elections and Registration ("Board"), Defendant herein and by and through undersigned counsel hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint, as follows:

1. Plaintiff initiated this matter with the filing of a Complaint in the Court of Common Pleas of Luzerne County, Pennsylvania on October 25, 2024, along with a "motion" for special and preliminary injunction. Doc. 1-2 (p. 1, *et seq.*).

2. On October 30, 2024, the Court of Common Pleas held a hearing on Plaintiff's request for injunctive relief, at which time counsel for Defendants Luzerne County and Luzerne County Bureau of Elections advised the intent to

remove this matter to federal court, which was effectuated that same day prior to any ruling by the Court of Common Pleas.

3.  Upon removal, this Court held a status conference on October 31, 2024 at which time, among other matters discussed, the Court was advised of the error in the Complaint's caption, i.e., the mistaken listing of "Luzerne County Board of Elections" and "Luzerne County Board of Elections and Registration" as defendants, when the former does not exist and the latter is the actual "board" assigned to address election matters. (It was clear that Plaintiff's intent was to name the Luzerne County *Bureau* of Elections as Defendant.)

4.  Given this, the Court directed Plaintiff to file a corrective pleading, which was accomplished by the filing of the Amended Complaint, Doc. 7, and which is at issue herein.[1]

5.  The Court scheduled a hearing on Plaintiff's request for injunctive relief for November 4, 2024. That same day, Plaintiff submitted a letter to the Court withdrawing this request. Doc. 12.

## MOTION TO DISMISS FOR LACK OF STANDING

6.  Paragraphs 1 through 5 are incorporated herein by reference.

---

[1] The Amended Complaint's caption is again flawed in that it now names the "Luzerne Bureau of Elections," not the "Luzerne *County* Bureau of Elections." While this is seemingly trivial, it becomes more complicated given that "Luzerne" is also the name of a Borough in Luzerne County.

7. As noted during the above-cited status conference, the Board through undersigned indicated its position that Plaintiff does not have standing to pursue the present action.

8. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

9. "In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: Courts must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. ... A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)(cleaned up).

10. The present Amended Complaint fails to establish in any fashion Plaintiff's standing to advance his case.

11. The Amended Complaint is peppered with allegations that the defendants (including the Board, although there is absolutely no reference to specific conduct by the Board which is unlawful) have: (a) failed to process

3

"approximately 2,500" new voter registrations (Doc. 7, ¶¶ 8, 24, 26, 39, 42, 47a, 51); and (b) have not timely processed "several thousand" mail in ballot applications and ballots themselves (Doc. 7, ¶¶ 9, 27, 40, 43, 47b, 57).

12. Nowhere does the Amended Complaint allege that Plaintiff himself is one of these "2,500" individuals or one of the "several thousand" mail in ballot requestors.

13. As the Supreme Court has held, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. [E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth,* 422 U.S. at 499 (cleaned up).

14. For his part, Plaintiff asserts an interest in his claims because he is "a resident of Luzerne County, a registered voter, and candidate for Representative of the 119th Legislative District in the General Assembly." Doc. 7, ¶ 52.

15. There is nothing in this assertion to suggest that Plaintiff is doing anything other than "rest[ing] his claim to relief on the legal rights or interests of third parties." *Warth, supra.*

16. In fact, although he avers that he is a candidate for legislative office, nowhere does Plaintiff claim that any of the alleged "2,500" voter registrants or any of the "several thousand" mail in ballot requestors are electors from his district.[2]

17. As the Amended Complaint fails to establish even the remotest level of standing, it must be dismissed.

WHEREFORE, Defendant Luzerne County Board of Elections and Registration hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

s/Joseph M Cosgrove
SELINGO GUAGLIARDO LLC
345 Market Street
Kingston PA 18704
570-287-2400

preferred email and fax:
jmcosgro@msn.com
570-227-0096

*Attorneys for Defendant Luzerne County Board of Elections and Registration.*

---

[2] Plaintiff in ¶¶ 11, 21, 28, 52 of the Amended Complaint mistakenly asserts that the office he was running for was a seat representing the "119th District" in the Pennsylvania General Assembly. Plaintiff, however, was the unopposed candidate for the *117th* District. *See* Exhibit A, p.2. In either case, the Amended Complaint fails to allege that *any* of the so-called "2,500" registrants or the "several thousand" mail in ballot requestors were from *either* the 119th or the 117th Districts.

## CERTIFICATE OF SERVICE

I Joseph M Cosgrove, do hereby certify that a true and correct copy of the present Motion to Dismiss was served this 15th day of November 2024 via the Court's Electronic Case Filing (ECF) system upon all counsel of record.

s/Joseph M Cosgrove